**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DAVID A. GLATTLY and
ESTATE OF MONICA GLATTLY,

      Plaintiffs,

v.

KEVIN J. HECHT,

      Defendant.

Civil Action No. 1:24-cv-12102-JDH

**DEFENDANT'S MOTION TO IMPOUND**

Pursuant to Local Rule 7.2 and the Stipulated Confidentiality Agreement and Protective Order (Docket No. 24) entered in this action ("Protective Order"), Defendant moves this Court to impound certain documents and testimony marked Confidential by third party Michael Russell and third party Supreme Council, Ancient Accepted Scottish Rite of Freemasonry, Northern Masonic Jurisdiction, USA ("Supreme Council") as exhibits to Defendant's Motion for Summary Judgment.

Pursuant to Section 9 of the Protective Order, Defendant wishes to file certain documents and testimony with the Court that third party Russell and third party the Rite have marked Confidential pursuant to the Protective Order.  Defendant has conferred separately with counsel for Russell and Supreme Council.  The parties made reasonable good-faith efforts and were able to limit the number of documents covered by this Motion but were ultimately unable to agree that certain Confidential documents may be filed in the normal course.

Defendant thus requests that the Court permit the following Confidential documents be impounded until further order of the court:

1

I.  Declaration of Erik Winton, Exhibit 4, Excerpts of Transcript of the May 8, 2026 Deposition of Michael Russell

Non-party Michael Russell has designated the transcript of his May 8, 2026 deposition confidential pursuant to the Protective Order.  Mr. Russell is a former employee of Supreme Council, and Mr. Russell asserts that the portions Defendant has requested to use in support of Defendant's Motion for Summary Judgment are particularly sensitive and confidential.  In light of Mr. Russell's position, Defendant respectfully requests that the excerpts from his deposition transcript be impounded for purposes of Defendant's summary judgment motion.

II.  Declaration of Erik Winton, Exhibit 10, Excerpts from the Administrative Council July 22, 2021 Meeting Minutes

Non-party Supreme Council produced the meeting minutes from the Administrative Council meeting on July 22, 2021 in response to Defendant's subpoena *duces tecum* dated February 2, 2026, and marked them confidential pursuant to the Protective Order.  The meeting minutes include financial information, internal governance information, as well as policy changes within Supreme Council.  Given the sensitive nature of this information, Defendant respectfully requests that the excerpts from the July 22, 2021 Administrative Council meeting be impounded for purposes of Defendant's summary judgment motion.

III. Declaration of Kevin Hecht, Exhibit 3, Supreme Council Employee Handbook

Non-party Supreme Council produced the Supreme Council Employee Handbook in response to Defendant's subpoena *duces tecum* dated February 2, 2026, and marked it as confidential pursuant to the Protective Order.  The Employee Handbook contains confidential information regarding internal employee policies and practices within Supreme Council.  Given

2

the sensitive nature of this information, Defendant respectfully requests that the excerpts from the Employee Handbook be impounded for purposes of Defendant's summary judgment motion.

IV. Declaration of Kein Hecht, Exhibit 6, Lovett O'Brien May 22, 2023 Interim Report

Non-party Supreme Council produced and designated the Lovett O'Brien May 22, 2023 Interim Report (the "LOB Interim Report") as confidential pursuant to the Protective Order. Supreme Council initially withheld the LOB Interim Report on grounds of attorney-client privilege but was later compelled to produce the LOB Interim Report pursuant to the Court's order dated April 30, 2026 (Docket No. 58).  The LOB Interim Report contains highly sensitive information, including specific financial data and identities of third parties, as well as findings and legal opinions of counsel Lovett O'Brien, a law firm hired by Supreme Council to investigate certain financial and corporate governance issues within Supreme Council.  Given the sensitive nature of this information, Defendant respectfully requests that the LOB Interim Report be impounded for purposes of Defendant's summary judgment motion.

V.  Declaration of Kevin Hecht, Exhibit 7, Lovett O'Brien August 15, 2023 Final Report

Non-party Supreme Council produced and designated the Lovett O'Brien August 15, 2023 Final Report (the "LOB Final Report") as confidential pursuant to the Protective Order. Supreme Council initially withheld the LOB Final Report on grounds of attorney-client privilege but was later compelled to produce the LOB Final Report pursuant to the Court's order dated April 30, 2026 (Docket No. 58).  The LOB Final Report contains highly sensitive information, including specific financial data and identities of third parties, as well as findings and legal opinions of counsel Lovett O'Brien, a law firm hired by Supreme Council to investigate certain financial and corporate governance issues within Supreme Council.  Given the sensitive nature of

this information, Defendant respectfully requests that the LOB Final Report be impounded for purposes of Defendant's summary judgment motion.

Pending the Court's consideration of this Motion, Defendant has filed his Motion for Summary Judgment with confidential information redacted and has submitted placeholders for the accompanying exhibits.

Respectfully submitted,

Kevin J. Hecht,

By his attorney,

*/s/ Erik J. Winton*
Erik J. Winton (BBO #600743)
Sam M. Brewster (BBO #714258)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel: (617) 367-0025
Erik.Winton@jacksonlewis.com
Sam.Brewster@jacksonlewis.com

Dated: June 5, 2026

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, Defendant's counsel has conferred with counsel for Michael Russell ("Russell") and the Supreme Council, Ancient Accepted Scottish Rite of Freemasonry, Northern Masonic Jurisdiction, USA ("Rite") and Plaintiff's counsel regarding this Motion, and their respective counsels indicated that they do not oppose an order granting Defendant's Motion.

/s/ Erik J. Winton
Erik J. Winton
Jackson Lewis P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, a true copy of the foregoing document was served on all counsel of record via the Court's ECF system.

/s/ Erik J. Winton
Erik J. Winton
Jackson Lewis P.C.

4906-7429-0354, v. 1

5